## HEVIA v. LOPARDO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. BROKERS—COMPENSATION—SUFFICIENCY OF SERVICES.

A loan broker is entitled to recover, under a contract whereby another agreed to accept a loan to be procured by the broker on premises to be purchased by such other and to pay a commission, where the broker procured a party who was willing to make the loan and the only reason the loan was not made was because he did not show good title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 75–81.]

2. COURTS—MUNICIPAL COURT—JURISDICTION—TITLE TO REAL ESTATE.

Where, in an action by a loan broker for services in procuring a loan on premises to be purchased by the borrower, there was no question of title involved, but only the fact that a title guaranty company refused to certify that there was a merchantable title, which was a condition precedent to the loan, the Municipal Court was not without jurisdiction on the ground that a question of title to real estate was involved.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Alfred A. Hevia against Frank Lopardo. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Lewis C. Grover, for appellant.

Asa A. Spear, for respondent.

WOODWARD, J. The plaintiff is a broker, and on the 14th day of March, 1907, the defendant delivered the following memoranda to him, as the result of certain negotiations:

"March 14, 1907.

"Alfred A. Hevia, Esq., 71 Nassau St., N. Y. City.

"In consideration of one dollar, the receipt of which is hereby acknowledged, I hereby agree to accept loans of twenty-five hundred ($2,500) dollars each at 5½ per cent., for three years, on property described in the within application, and for your services in procuring said acceptance I hereby agree to pay you the sum of five hundred and nine ($509) dollars, both loans, and pay recording mortgage tax.　　　　　　　　　　　　　　　　Frank Lopardo.

"In presence of G. P. Baroni."

There was no mention in the contract of the time for the consummation of this contract; but it is not disputed that it was agreed between the parties that the loan should be completed on the 20th day of March, 1907. The loan was to be made on property to be purchased by the defendant, and the $509 agreed upon in the written contract was to include the title insurance. It seems that the Title In-

surance Company wrote to the plaintiff on the 19th of March, suggesting that the title was complicated and that the company wanted at least another week to complete the search. Plaintiff communicated this letter to the defendant and his agent, and suggested a postponement of the date for completing the loan to the 27th day of March; but the defendant made no response to the request, and there is no conflict in the evidence that the plaintiff had his party present at the office agreed upon, ready and willing to make the loan, provided the defendant's title was good. It developed upon the investigation of the Title Guarantee Company that the defendant's title was not good. On the 20th of March, 1907, the defendant, who was under contract to take the premises of one Wheeler on that date, completed his purchase, Wheeler accepting purchase-money mortgages in lieu of the money, and then defendant, assuming that the plaintiff was not ready with his loan, repudiated the contract. The plaintiff sued, and has recovered judgment within the limits of the jurisdiction of the Municipal Court. The defendant appeals.

It is clear that the plaintiff had performed his part of the contract. He had procured the party, who was willing to make the loan provided the security offered was free from incumbrances; and, the defendant never having been able to show a clear title, the plaintiff is entitled to recover. The appellant urges that the plaintiff, by an amendment of the complaint, took the case out of the jurisdiction of the Municipal Court, because a question of title to real estate was involved. We are persuaded that this is without merit. There was no question of title involved between the parties. There was only the fact that the Title Guarantee Company refused to certify that there was a merchantable title, which was a condition precedent to the loan upon the premises. The question litigated as between the parties to this action was simply whether the plaintiff had procured the loan for which the defendant contracted, and upon this issue the court has found, upon sufficient evidence, that the plaintiff performed his part of the agreement.

An examination of the entire record does not show that there has been reversible error committed in this case, and the judgment appealed from ought not to be disturbed.

Judgment of the Municipal Court affirmed, with costs. All concur.